UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WILLIS BOYD ANNIS, III,

           Plaintiff,

   v.

KELLI HALL et al.,

           Defendants.

Case No. C22-0426-RAJ-SKV

REPORT AND RECOMMENDATION

### I.    INTRODUCTION AND BACKGROUND

Plaintiff proceeds *pro se* and *in forma pauperis* (IFP) in an action for wrongful death. Plaintiff names Kelli Hall, Randi Welker, Jeremy Annis, Machelle Lee Sherels, Alison O'Hara, and Bridgett Dorset as Defendants, alleging they caused the wrongful death of his mother. *See* Dkt. 9. Plaintiff filed his original complaint on April 7, 2022, Dkt. 5, and an amended complaint on April 11, 2022. Dkt. 9. "Because after an amendment the original pleading no longer performs any function and is 'treated thereafter as non-existent,'" *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), *as amended* (May 22, 1992) (citation omitted), the Court analyzed only those allegations contained in Plaintiff's amended complaint.

On September 16, 2022, the Court issued an Order Striking Pending Motions and Granting Leave to Amend. Dkt. 32. As stated in that Order, to sustain his action Plaintiff needed to state a claim by alleging facts sufficient to raise a plausible inference that he was entitled to relief. *Id.* at 3 (citing Fed. R. Civ. P. 8(a)(2)). Although the complaint was not required to provide detailed factual allegations, it needed to give rise to something more than mere speculation that Plaintiff had a right to relief. *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The Court found Plaintiff's amended complaint failed to state a claim and granted him leave to amend. *Id.* at 4-5.

## II.    DISCUSSION

A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In its Order, the Court found that Plaintiff's amended complaint failed to identify "any facts that support finding that Defendants are liable for wrongful death." Dkt. 32 at 3. No factual allegations were made against Defendants Hall or Dorset, and the allegations made against Defendant O'Hara pertained to her use of hand scanners and voice receivers, not to wrongful death. *See id.* at 2, 3. Further, while the amended complaint alleged Defendants Welker and Sherels stole Plaintiff's mother's credit and debit cards and refused to let Plaintiff visit his mother, and that Defendant Sherels kept Plaintiff's mother on the couch, took her cell phone, and gave her pills, those claims were insufficient to plausibly state a claim for relief. *Id.* Likewise, Plaintiff's allegations that Defendant Sherels watched and enabled Plaintiff's mother's death, and that Defendants Sherels and Annis violated Plaintiff's mother's right to life, were conclusory, and therefore insufficient to state a claim against either Defendant. *Id.* at 4 (citing *Iqbal*, 556 U.S. at 678; *Pena v.*

*Gardner*, 976 F.2d 469, 471 (9th Cir. 1992) ("'Vague and conclusory allegations . . . are not sufficient to withstand a motion to dismiss.'")). Moreover, the amended complaint failed to include a "short and plain statement of the grounds for the [C]ourt's jurisdiction," and a "demand for relief sought[,]" as required by Federal Rule of Civil Procedure 8(a). *Id.*

Given the deficiencies described above, in its Order, the Court struck Plaintiff's pending motions, Dkts. 6, 10, 13-19, 24-26, 28, 29, and granted Plaintiff leave to submit an amended complaint to correct the identified deficiencies, if possible. *Id.* at 5. The Court directed Plaintiff to file an amended complaint on or before October 17, 2022, if he intended to pursue this lawsuit. *Id.* The Court further advised Plaintiff that if he failed to file an amended complaint by the deadline that adequately addressed the deficiencies raised in the Order, the Court would recommend dismissal of this action. *Id.* To date, the Court has not received from Plaintiff an amended complaint or other response to its Order. The Court therefore recommends dismissal of this action without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.

### III.    CONCLUSION

For the reasons stated in the Order and discussed above, the Court now recommends that Plaintiff's amended complaint, Dkt. 9, be dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted. A proposed Order accompanies this Report and Recommendation.

### IV.    OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **fourteen (14) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your

right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **November 25, 2022**.

Dated this 9th day of November, 2022.

S. KATE VAUGHAN
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4